UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROY AND JOANN SMITH, WILLIAM F.
MCDONNELL, JAMES AND DIANE JACKSON,
and WILLIAM J. CORBETT,

                    Plaintiffs,

        -against-                              MEMORANDUM & ORDER
                                               13-CV-6328(JS)(ARL)
AMERICAN SECURITY INSURANCE COMPANY,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:       Sean Greenwood, Esq.
                     Gauthier Houghtaling & Williams
                     52 Duane Street, 7th Floor
                     New York, NY 10007

For Defendants:      No appearances.

SEYBERT, District Judge:

        On November 12, 2013, plaintiffs Roy and Joann Smith,

William F. McDonnell, James and Diane Jackson, and William J.

Corbett (collectively, "Plaintiffs") commenced this action against

defendant American Security Insurance Company ("Defendant").  Each

plaintiff, or set of plaintiffs, assert their own breach of

contract claims against Defendant based on Defendant's alleged

denial of each Plaintiff's individual insurance claim for property

damage caused by Superstorm Sandy.  Plaintiffs also assert

individual claims of fraudulent misrepresentation and inducement

in connection with Defendant's advertising and marketing of its

flood insurance policies.  For the following reasons, Plaintiffs'

fraudulent misrepresentation and inducement claims are <u>sua</u> <u>sponte</u> DISMISSED and the breach of contract claims of all Plaintiffs, except for the claims of the first-named plaintiffs, Roy and Joann Smith, are <u>sua</u> <u>sponte</u> SEVERED pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and DISMISSED WITHOUT PREJUDICE to commencing separate actions for each insurance policy issued by Defendant.

<u>BACKGROUND[1]</u>

Plaintiffs separately own real property in this judicial district and separately purchased from Defendant a flood insurance policy to cover their respective properties. (Compl. ¶¶ 1, 4, 9.) Defendant is a "Write Your Own" insurance carriers participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act. (Compl. ¶¶ 3-4.)

Each plaintiff alleges damage to his or her property due to flooding caused by Superstorm Sandy, which struck the New York metropolitan area on October 29, 2012. (Compl. ¶ 11-12.) Plaintiffs claim that they submitted valid insurance claims to Defendant but that Defendant "wrongfully denied or unfairly limited payment on the Plaintiffs' claims." (Compl. ¶ 13-14.) Accordingly, Plaintiffs separately assert breach of contract

---

[1] The following facts are drawn from the Complaint and are presumed to be true for the purpose of this Memorandum and Order.

claims against Defendant based on Defendant's alleged failure or refusal to pay each Plaintiff's individual insurance claim. (Compl. ¶¶ 16-21.) Plaintiffs also assert claims for fraudulent misrepresentation and inducement, which generally allege that Defendant fraudulently induced Plaintiffs into purchasing its insurance policies by "fraudulently misrepresent[ing] its coverage through its brochures, advertisements, promotional publications, and its marketing and sales representatives." (Compl. ¶¶ 22-27.)

Based on the allegations of the Complaint, Plaintiffs' claims share very little in common. Although Plaintiffs allege that Defendant issued Plaintiffs "Standard Flood Insurance Policies" (Compl. ¶ 3), they do not state whether the policies are identical or if they even contain similar terms. Although Plaintiffs generally allege that Superstorm Sandy "severely damag[ed]" their properties (Compl. ¶ 11), Plaintiffs do not explain the nature and extent of the damage to these distinct properties. Plaintiffs do not explain why Defendant "denied and/or unfairly limited payment" for their claims, or even whether Defendant did so for the same reasons. Moreover, Plaintiffs' respective properties are in different locations in two different New York counties. (Compl. ¶ 1.)

DISCUSSION

I.   Fraudulent Misrepresentation and Inducement

In their second claim for relief, Plaintiffs assert claims for fraudulent misrepresentation and inducement, which allege, inter alia, that Defendant fraudulently induced Plaintiffs into purchasing its insurance policies by "fraudulently misrepresent[ing] its coverage through its brochures, advertisements, promotional publications, and its marketing and sales representatives."  (Compl. ¶¶ 22-27.)  In other words, Plaintiffs claim that Defendant promised that it would perform its obligations under its insurance policies when, "[i]n fact, its intention and practice was and is to unjustifiably avoid paying any or all the proceeds due."  (Compl. ¶ 23.)  As explained below, Plaintiffs' fraud claims are meritless and are sua sponte DISMISSED.

To state a claim for fraudulent misrepresentation under New York law, a plaintiff must allege that "'(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.'"  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 186-87 (2d Cir. 2004) (quoting Banque Arabe et Internationale D'Investissement v. Md. Nat'l Bank, 57 F.3d 146, 153 (2d Cir.

1995)).  However, false statements, even if intentionally made, merely indicating an intent to perform under a contract are "not sufficient to support a claim of fraud under New York law." Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 19-20 (2d Cir. 1996); see also Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 500 F.3d 171, 184 (2d Cir. 2007) ("New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement.").

District courts have inherent authority to dismiss meritless claims sua sponte, even if the plaintiffs have paid the

Thus, to state a claim for fraudulent inducement in a case that arises from a breach of contract, "a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." Bridgestone/Firestone, 98 F.3d at 20; see also Wall v. CSX Transp., Inc., 471 F.3d 410, 416 (2d Cir. 2006) ("New York law specifically recognizes causes of action for fraud in the inducement when the misrepresentation is collateral to the contract it induced.").

District courts have inherent authority to dismiss meritless claims sua sponte, even if the plaintiffs have paid the

filing fee.  See Fitzgerald v. First E. Seventh St. Tenants Corp.,
221 F.3d 362, 363-64 (2d Cir. 2000) (holding that the district
court has the power to dismiss a frivolous complaint sua sponte
even if the plaintiff has paid the filing fee); see also Zahl v.
Kosovsky, 471 F. App'x 34, 37 (2d Cir. 2012), cert. denied, 133 S.
Ct. 1460, 185 L. Ed. 2d 363 (2013) ("A district court has inherent
authority to dismiss meritless claims sua sponte, even where a
plaintiff has paid the filing fee.").

The Complaint does not allege that Defendant owed
Plaintiffs a legal duty separate from its duty to perform under
the respective insurance policies, and the only misrepresentation
alleged relates to Defendant's future obligations under the
policies.  Thus, Plaintiffs' fraud claims are not collateral or
extraneous to the contract, and Plaintiffs do not seek special
damages.  Accordingly, Plaintiffs' fraudulent misrepresentation
and inducement claims are sua sponte DISMISSED as meritless.

II.  Permissive Joinder of Parties

Having dismissed each Plaintiff's fraud claim, the Court
now addresses whether joinder is appropriate for the remaining
breach of contract claims.  Plaintiffs allege that their claims
are properly joined under Rule 20(a) of the Federal Rules of Civil
Procedure "because they present similar claims against a common
Defendant, American Security, and involve questions of fact or law
that are common to all Plaintiffs."  (Compl. ¶ 7.)  The Court

disagrees. As explained below, the facts alleged in the Complaint do not satisfy the first precondition to joinder under Rule 20(a), i.e., that Plaintiffs' claims arise out of the same "transaction" or "occurrence."

Rule 20(a)(1) permits the joinder of multiple plaintiffs in an action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). These elements are preconditions and both must be met for joinder to be proper. Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) ("As is clear from the plain language of [the Rule], both criteria must be met for joinder to be proper."). While "[t]he requirements of Fed. R. Civ. P. 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding, the requirements of the rule still must be met and constrain the Court's discretion." Kalie v. Bank of Am. Corp., No. 12-CV-9192, --- F.R.D. ----, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (alteration in original) (internal citation and quotation marks omitted). "If a court concludes that [parties] have been

improperly joined under Rule 20, it has broad discretion under Rule 21 to sever [those] parties . . . from the action." Id.

In determining whether claims arise out of the same "transaction" or "occurrence" under Rule 20(a), "courts are to look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Id. (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)). Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a). Deskovic, 673 F. Supp. 2d at 159.

Here, Plaintiffs' claims do not arise out of the same transaction or occurrence. Courts in this District have recently applied the standards set forth above to almost identical lawsuits seeking insurance coverage for property damage caused by Superstorm Sandy and have summarily held that joinder is not appropriate. See, e.g., Dante v. Nat'l Flood Ins. Program, No. 13-CV-6207, 2013 WL 6157182, at *2 (E.D.N.Y. Nov. 22, 2013) (collecting similar cases from the Eastern District of Louisiana and the Southern District of Mississippi denying joinder of insurance claims related to property damage caused by Hurricane Katrina); Baiardi v. The Standard Fire Ins. Co., No. 13-CV-5912, 2013 WL 6157231, at *2-3 (E.D.N.Y. Nov. 21, 2013). As these courts recognized, despite the fact that a single natural disaster,

Superstorm Sandy, caused the damage to Plaintiffs' properties, Plaintiffs' claims do not arise out of the same transaction or occurrence because "[t]he claims involve entirely different factual and legal issues, including each property's respective condition and location before the storm, the value of the properties, and the extent of damage sustained." <u>Dante</u>, 2013 WL 6157182, at *2 (quoting <u>Sucherman v. Metro. Prop. & Cas. Ins. Co.</u>, Nos. 06-CV-8765, 05-CV-6456, 2007 WL 1484067, at *2 (E.D. La. May 21, 2007)). Thus, with respect to damages, Plaintiffs' individual claims undoubtedly will require different evidence relating to the cause of and the extent of the loss. Plaintiffs' individual claims also may require particularized evidence on the issue of whether the policies actually provide coverage for Plaintiffs' claims because Plaintiffs purchased separate insurance policies and Defendant may have different reasons for denying and/or limiting payment for Plaintiffs' individual claims.

As far as the Court can tell from the Complaint here, the only material commonalities between Plaintiffs' claims are that Plaintiffs' properties suffered damages caused by the same storm and that Plaintiffs present similar legal theories against a common defendant. However, the mere presence of a common defendant and "common questions of law or fact does not satisfy the same transaction or occurrence requirement." <u>Id.</u> at *3 (holding that plaintiffs' separate insurance claims for damages

caused by Superstorm Sandy did not arise out the same transaction or occurrence because plaintiffs "failed to explain why their individual claims should be joined other than that they share two common facts--that they were brought about by Hurricane Sandy and brought against [the same defendant]--and may raise similar theories of law") (quoting McNaughton v. Merck & Co., No. 04-CV-8297, 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004)); see Abraham v. Am. Home Mortg. Servicing, Inc., --- F. Supp. 2d ----, 2013 WL 2285205, at *4 (E.D.N.Y. May 23, 2013) (holding that plaintiffs' "separate mortgage transactions d[id] not constitute a single transaction or occurrence" and stating that "even claims by plaintiffs who engaged in separate loan transactions by the same lender cannot be joined in a single action").

With no common transaction or occurrence among Plaintiffs' claims, the Court therefore finds that Plaintiffs' claims are not properly joined under Rule 20(a). Accordingly, the breach of contract claims of all Plaintiffs, except for the claims of the first-named plaintiffs, Roy and Joann Smith, are sua sponte SEVERED pursuant to Rule 20 of the Federal Rules of Civil Procedure and DISMISSED WITHOUT PREJUDICE to commencing a separate action for each insurance policy issued by Defendant. See Kalie, 2013 WL 4044951, at *6 (holding that where there is "no common transaction or occurrence, severance and dismissal of the misjoined claims is mandatory").

III. <u>Severance Under Rule 21</u>

Finally, the Court notes that, even if the presence of a common defendant or a single natural disaster were sufficient to satisfy Rule 20(a), the Court would reach the same result in exercising its discretion under Rule 21 of the Federal Rules of Civil Procedure.  Rule 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . . [and] sever any claim against any party." FED. R. CIV. P. 21.

In deciding whether to sever a claim under Rule 21, courts generally consider, in addition to the preconditions set forth in Rule 20(a), "[1] whether settlement of the claims or judicial economy would be facilitated; [2] whether prejudice would be avoided if severance were granted; and [3] whether different witnesses and documentary proof are required for the separate claims." <u>Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp.</u>, 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (quoting <u>Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.</u>, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)).  "A court should consider whether severance will 'serve the ends of justice and further the prompt and efficient disposition of litigation.'" <u>Crown Cork</u>, 288 F.R.D. at 332 (quoting <u>T.S.I. 27, Inc. v. Berman Enters., Inc.</u>, 115 F.R.D. 252, 254 (S.D.N.Y. 1987)); <u>see</u> <u>also</u> <u>In re Ski Train</u>

11

<u>Fire in Kaprun, Austria, on November 11, 2004</u>, 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

Here, joinder of Plaintiffs' claims involving separate insurance policies does not serve the interest of judicial economy. There will be little, if any, overlapping discovery and each Plaintiff's individual breach of contract claim will require distinct witnesses and documentary proof. <u>See</u> <u>Boston Post Rd.</u> <u>Med. Imaging, P.C. v. Allstate Ins. Co.</u>, No 03-CV-3923, 2004 WL 1586429, at *2 (S.D.N.Y. July 15, 2004) (severing breach of insurance policy claims even though policies were identical because joinder would not serve the interests of judicial economy or efficiency). Furthermore, settlement of the claims is likely to be facilitated if the claims relating to separate insurance policies are litigated separately. <u>See</u> <u>Adams v U.S. Bank, NA</u>, No. 12-CV-4640, 2013 WL 5437060, at * 4 (E.D.N.Y. Sept. 27, 2013). In addition, "[a] joint trial could lead to confusion of the jury and thereby prejudice defendant[]." <u>Kalie</u>, 2013 WL 4044951, at * 6 (internal citation and quotation marks omitted). Thus, for these reasons, the Court also finds that the Rule 21 factors require severance of all claims besides those of the first-named plaintiffs, Ray and Joann Smith.

CONCLUSION

For the foregoing reasons, Plaintiffs' second cause of action is <u>sua</u> <u>sponte</u> DISMISSED and the remaining claims by all

Plaintiffs other than those of the first-named plaintiffs, Ray and Joann Smith, are <u>sua</u> <u>sponte</u> SEVERED pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and DISMISSED WITHOUT PREJUDICE to commencing a separate action for claims related to each insurance policy issued by Defendant.  Any plaintiff wishing to commence a separate action must do so within thirty (30) days of the date of this Memorandum and Order.

Additionally, the statute(s) of limitations for any claim asserted herein is tolled for a period of thirty (30) days from the date of this Memorandum and Order.


                              SO ORDERED.


                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:    December __16__, 2013
          Central Islip, NY